UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

Paul and Melody Den Beste,    No. 10-13558

Debtor(s).
_____/

Memorandum re Sanctions
_____

Debtor Paul Den Beste filed his Chapter 13 petition on September 15, 2010. The case has subsequently been converted to Chapter 7.

On April 28, 2011, Den Beste filed an adversary proceeding against attorney Lynn Searle, alleging that she owed him damages for violating the automatic stay. Neither Searle nor her client were scheduled by Den Beste as creditors even though she represented a plaintiff in pending state court litigation against him. In addition, Den Beste falsely represented in his statement of affairs that he was not involved in any litigation in the year before filing. The basis for the alleged violation of the automatic stay was a single settlement letter sent by Searle to nine addressees, including Den Beste.

On Searle's motion, the court summarily dismissed the adversary proceeding. Searle had filed a timely motion for sanctions. However, the court was unable to award her monetary compensation because she represented herself. The court accordingly ordered Den Beste to appear and show cause why he should not be sanctioned under the court's inherent powers.

The automatic stay is intended for the protection of debtors, not as a club to be wielded against creditors. The court finds that Den Beste has committed sanctionable misconduct by commencing an adversary proceeding for violating the automatic stay against counsel for a litigant who was

1

improperly omitted from his list of creditors. Moreover, the conduct which was the basis for his complaint was a mere letter related to pending litigation which, according to Den Beste's own statement of affairs, did not exist.

The court finds that Den Beste commenced his action solely for the purposes of harassment, and that monetary sanctions are necessary to dissuade him from future improper conduct. Accordingly, the court will order that Den Beste pay the sum of $2,500.00 to the Clerk of the court within 20 days.[1] An appropriate order will be entered.

Dated: November 12, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] If Den Beste is financially unable to comply, he may make application to the court for a payment schedule. Den Beste is warned that if he fails to pay the sanction without obtaining a payment schedule he may not be entitled to a discharge pursuant to § 727(a)(6)(A) of the Bankruptcy Code.