UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

Paul and Melody Den Beste,                                    No. 10-13558

                              Debtor(s).
_____/

Memorandum on Motion to Make Additional Findings
_____

      Debtor and plaintiff Paul Den Beste has been declared a vexatious litigant in state court. After filing his bankruptcy petition on September 15, 2010, he began filing adversary proceedings alleging that attorneys or other persons have violated the automatic stay. The first of these to reach the court's attention was against attorney Lynn Searle. Neither Searle nor her client was scheduled as a creditor, and no litigation involving Searle was disclosed in his statement of affairs. Upon Searle's declaration that she had no knowledge of the automatic stay and therefore could not have willfully violated it, the court dismissed the adversary proceeding. Searle had given proper notice to Den Beste of her intent to move for sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, but had no monetary damages. The court then ordered Den Beste to show cause why the court should not sanction him.

      In response to the order to show cause, both Den Beste and his sometimes-attorney filed declarations. Both admitted that the schedules and statement of affairs were not proper. Den Beste declared: "As to not listing certain litigation on the initial schedules, all of this information was

1

supplied to my attorney and if it was not included in the initial schedules, it was an inadvertent oversight by either my attorney and or me which has since been corrected." His attorney declared that "The defects or omissions in the initial schedules filed in this action referred to in this Court's OSC were entirely inadvertent and actually appear to be partly the result of a computer error." Neither alleged that the schedules were correct. Because Den Beste had sued someone for violation of the automatic stay who was not listed as a creditor and had no knowledge of it, the court assessed a monetary fine of $2,500.00.

Den Beste has now moved the court for additional findings. In a left-handed way, he seems to be arguing that the court assessed the fine based on mis-information. He now says that he did not list Searle or the lawsuit because he had never been served with it and the statute of limitations had run.

First of all, the litigation should have been scheduled and disclosed even if Den Beste had defenses. There is a box on the schedules where a debtor may note that a claim is disputed if the debtor has defenses. Second, if Den Beste did not know of the litigation when he filed his petition it was his responsibility to amend his schedules when he learned of it. Thirdly, the time to bring all this to the court's attention was at the hearing on its order to show cause. At that time, he should have come forward with anything he had which might militate against being sanctioned.

Most importantly, the basis for the sanctions remains the same. Using the automatic stay as a weapon, he sued someone for its violation even though he did not schedule her or make any attempt to ensure that she knew about the automatic stay. This is sanctionable conduct even if Den Beste had defenses to the underlying action.

For the foregoing reasons, the Motion to Make Additional Findings, other than those set forth in this Memorandum, will be denied. Den Beste may submit an order to that effect if he desires one.

Dated: January 30, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2