UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

Paul and Melody Den Beste,   No. 10-13558

Debtor(s).
_____/

Memorandum on Objection to Claim
_____

    Prior to bankruptcy, $66,001.01 in funds of the James L. DenBeste Trust had been seized by a state-court-appointed receiver pursuant to enforcement of judgment proceedings against debtor Paul Den Beste. The debtors filed a Chapter 13 petition on September 15, 2010, and the case was converted to Chapter 7 on October 22, 2010.

    Following a hearing on December 17, 2010, the funds were turned over to Chapter 7 Trustee Jeffry Locke, to be held by him pending a determination as to the rights of the parties. Locke held the funds until May 1, 2012, when Locke abandoned any interest in the funds and the court ordered them returned to the state court receiver for further determination of the parties' rights to be determined by the state court.

    On March 9, 2011, attorney Timothy J. Ward filed a proof of claim on behalf of the Trust. He alleged that $66,001.01 was owed to the Trust on the date the case was filed. He alleged that the claim was entitled to priority, but failed to specify a statutory basis for priority. Locke's objection to the claim is now before the court.

    In order to be allowed, a claim must exist "as of the date of the filing of the petition" and can only be allowed in that amount pursuant to § 502(b) of the Bankruptcy Code. On the date of the

1

petition (as well as the date of conversion) the funds were in the possession of a state court receiver. Any claim the Trust may have was, on the date of filing, either entirely *in rem* or owed by the receiver and was not enforceable against the debtors or their property. Therefore, the claim must be disallowed pursuant to § 502(b)(1) of the Code.

The court notes that attorney Ward did not appear to prosecute the claim. Instead, debtor Paul Den Beste attempted to represent the Trust. A trust is an artificial entity and can appear in federal court only through a lawyer. 28 U.S.C. § 1654; *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 698 (9th Cir. 1987); *Bell v. South Bay European Corp.*, 486 F.Supp.2d 257 (S.D.N.Y. 2007); *Alpha Land Company v. Little*, 238 F.R.D. 497 (E.D.Cal. 2006). Accordingly, the court will issue an order barring the debtors from attempting to represent the Trust.

Counsel for Locke shall submit a form of order sustaining his objection and disallowing the claim.

Dated: August 30, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

2